United States District Court
for the
Southern District of Florida

| United States of America, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | |
| v. | ) | Criminal Case No. 19-20144-CR-Scola |
| | ) | |
| Jarmal Williamson, | ) | |
| Defendant. | ) | |

## Order on Defendant's Objections to Report and Recommendation

This cause came before the Court on the Defendant's Objections to Report and Recommendation (ECF No. 37) which was timely filed on July 25, 2019. The Government filed a Response (ECF No. 40), and, on July 30, 2019, the Court heard arguments from the parties on the Objections. Prior to the hearing, the Court reviewed the transcript of the evidentiary hearing (ECF No. 35) held on July 9, 2019 before Magistrate Judge Edwin Torres. The Court also reviewed the relevant portions of the body camera video of Officer Passion Wilson which had been entered into evidence as Defendant's Exhibit B at the evidentiary hearing. After considering the factual findings in the Report and Recommendation (**ECF No. 33**), the Objections, Response, video and relevant legal authorities, the Court **overrules** the Objections and adopts the Report and Recommendation in full.

1. **Background**

On December 26, 2018, City of Miami Police Detective Floyd Pinckney saw the Defendant, whom he had known and mentored for seven years, make a hand to hand drug transaction. Pinckney ordered the Defendant to stop but the Defendant took off running with Pinckney in pursuit. Pinckney called for back-up as he pursued the Defendant. At one point, Pinckney saw the Defendant discard a yellow tinted pill bottle in a grassy area and at another point saw him throw a dark object that appeared to be a firearm on the ground. Other officers later found a yellow pill bottle with 51 baggies of fentanyl and a loaded black Glock 17 firearm in the areas where Pinckney had seen them tossed by the Defendant. The Defendant was apprehended and placed in a patrol car.

A few minutes after being placed in the patrol car, the Defendant called out to Pinckney. Pinckney did not know what the Defendant wanted but he asked Officer Wilson, who was wearing a body cam, to record his interaction with the Defendant. Pinckney claims that the Defendant told him spontaneously

"Pinckney, the gun is clean, I just got it." The interaction lasted about one minute. Pinckney stopped Defendant from talking because it seemed the Defendant wanted to talk more about the incident and he wanted to read his *Miranda* warnings prior to any further statements. Pinckney also asked Wilson to turn on the sound on her body camera to record the *Miranda* warnings and any statements the Defendant might make. Post-*Miranda*, the Defendant made a few non-inculpatory statements and then declined to talk further on camera.

The Defendant was originally arrested on State of Florida charges, was appointed counsel, and was released on bond. But, on March 14, 2019, a federal grand jury indicted the Defendant for possession of a firearm and ammunition by a convicted felon, possession with the intent to distribute a controlled substance (fentanyl) and possession of a firearm in furtherance of a drug trafficking offense. These charges are based upon the same conduct that constituted the State of Florida charges.

On March 26, 2019, the Defendant was arrested on the federal charges and, after waiving his *Miranda* rights, made inculpatory statements to Pinckney.

## 2. The findings and conclusion in the Report and Recommendation

After considering the testimony and evidence and reviewing the body camera video, Magistrate Judge Torres found Pinckney to be credible. Judge Torres found that the statement to Pinckney on December 26, 2018 was a spontaneous statement that was not the result of interrogation and, thus, no *Miranda* warnings were required. Judge Torres also found that the March 26, 2019 interrogation did not violate the Defendant's Sixth Amendment right to counsel since a state charge is a different offense than a federal charge.

## 3. The objections to the Report and Recommendation

The Defendant challenges the denial of his motion to suppress each of his two statements. As to the December 26, 2018 statement, he claims that the Report and Recommendation should be rejected because the Magistrate Judge erroneously found the Pinckney was credible. The Defendant argues that Pinckney's testimony was inconsistent, the video contradicts his testimony, and Pinckney's own words on the video belie his description of the earlier, non-recorded "spontaneous" statement.

The Defendant also objects to the denial of his motion to suppress the March 26, 2019 statement. Although he recognizes that current 11th Circuit case law holds that the right to counsel is offense specific and "ordinarily binds only the sovereign that has charged the defendant," *United States v. Dixon,* 901 F.3d 1322, 1340 (11th Cir. 2018), the Defendant wishes to preserve this issue. The

Defendant also claims that this case is distinguishable from other 11th Circuit cases because the same police officer (Pinckney) conducted both interrogations.

### 4. Legal standards:

A district judge need conduct a de novo review of only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 626 (b)(1).

"When a district court refers a matter to a magistrate judge to conduct an evidentiary hearing and make findings of fact, the district court is required to make a de novo determination" as to the portions of the magistrate judge's report that the parties have objected to. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1245 (11th Cir. 2007) (discussing 28 U.S.C. § 636(b)(1)); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980) (explaining that 28 U.S.C. § 636(b) "calls for a de novo determination, not a de novo hearing"). "In making its determination, the district court is generally free to employ the magistrate judge's findings to the extent that it sees fit—the court may adopt the magistrate judge's findings in whole, in part, or not at all." *Amlong & Amlong*, 500 F.3d at 1245. But "a district court may not reject a magistrate judge's factual and credibility findings" unless it holds a new hearing to observe the demeanor of the witnesses. *Id.*; *see also Raddatz*, 447 U.S. at 671–72 (accepting a magistrate judge's unadorned conclusion that he found one witness "more credible" than another). The rationale for this rule is simple: "Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).

The Eleventh Circuit has stated, "this general rule is subject to a small exception in the 'rare case' where 'there . . . [is] found in the transcript an articulable basis for rejecting the magistrate's original resolution of credibility and that basis . . .[is] articulated by the district judge.'" *United States v. Cofield*, 272 F.3d 1303, 1306 (11th Cir. 2001) (*citing United States v. Marshall*, 609 F.2d 152, 155 (5th Cir. 1980)). A reviewing court must generally defer to the magistrate judge's credibility determinations unless those determinations appear to be "unbelievable." *Ramirez-Chilel*, 289 F.3d at 749. *See also United States v. McGregor,* 2018 WL 5778235 (S.D. Fla. Nov. 2, 2018) (Martinez, J.); *United States v. Emmanuel*, 440 Fed. App'x 881, 883 (11th Cir. 2011) ("we defer to a magistrate judge's credibility determinations 'unless the judge's' understanding of the facts appears to be unbelievable.").

### 5. Conclusions:

The Court finds no reason to reject the credibility findings of the Magistrate Judge. Although there may be some minor inconsistencies in Pinckney's testimony and some minor contradictions between his recollection and some of the video evidence, the Magistrate Judge considered these in reaching his overall credibility determination. Jurors are told that in evaluating inconsistent statements of a witness "people naturally tend to forget certain details or remember them inaccurately." There is nothing sinister about the inconsistencies highlighted by the Defendant in his Objections and this is not one of the "rare cases" where the magistrate judge's understanding of the facts appears to be "unbelievable."

The Court finds Judge Torres's Report and Recommendation cogent and compelling. Accordingly, the Court **affirms and adopts** the Report and Recommendation (**ECF No. 33**).

**Done and ordered** in Miami, Florida, on July 31, 2019.

_____
Robert N. Scola, Jr.
United States District Judge